UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMERICAN SUNSET LIVING, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 3:22-cv-00764-GCS |
| WAYNE RUSSELL, CANDY SMITH[1], | ) |
| CHRYSTAL REISNER, VILLAGE OF | ) |
| WILLOW HILL, ILLINOIS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff, American Sunset Living, L.L.C., brings claims against Defendants Wayne Russell ("Russell"), Candy Smith ("Smith"), Chrystal Reisner ("Reisner"), and the Village of Willow Hill, Illinois ("Willow Hill")[2] for alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. §§ 1983 and 1988, the Illinois Constitution, the Illinois Civil Rights Act of 2006, 740 ILL. COMP. STAT. § 24/5(b), and the Common Law of Illinois. (Doc. 1, p. 1). Particularly, Plaintiff alleges that Defendants deprived him of his due process rights and property located at 200 South Cumberland Street in Willow Hill, Illinois, by contracting for a ditch to be built directly

---

[1] In Defendants' Motion to Dismiss, Defendants point out that Defendant Candy Smith is incorrectly identified as Cindy Smith in the docket. (Doc. 27, p. 1). The Court will refer to Smith by her correct name.

[2] Defendant Willow Hill, is a Municipal Corporation which operates through a municipal board and Village President, including at relevant times Defendants Russell, Smith, and Reisner. Defendants Russell, Smith, and Reisner are sued in their individual capacities. (Doc. 1, p. 2).

through the property without notice or compensation.³ (Doc. 1, p. 2). Now pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 27). For the reasons delineated below, the Court **DENIES** the Motion to Dismiss.

## BACKGROUND

Plaintiff, American Sunset Living, L.L.C., has owned the real estate located at 200 South Cumberland Street in Willow Hill, Illinois, along with an abutting parcel since 2009. (Doc. 1, p. 1). By way of public notice posted at three locations, the Village of Willow Hill informed the public that a special meeting would be held on March 11, 2020, to discuss Proposed Ordinance No. 2020-0-001 titled "An Ordinance Vacating Certain Portion of Right-of-Way (Baltimore Street South of Sycamore Street)." *Id.* at p. 3. Plaintiff's property is adjacent to the property subject to Ordinance No. 2020-0-001, but Plaintiff did not receive actual notice of the meeting.⁴ *Id.*

On March 11, 2020, the Board of the Village of Willow Hill convened the meeting as advertised. *Id.* At the meeting, the Board Members voted on Proposed Ordinance No. 2020-0-001. Four board members voted "aye" and two board members elected to abstain. *Id.* This was sufficient to pass the ordinance as drafted. *Id.* In addition to noting that corporate authorities of the municipality "may vacate streets, alleys, avenues, sidewalks,

---

[3] Plaintiff also claims that the lot adjoining the property at 200 South Cumberland Street in Willow Hills, Illinois, was impacted. (Doc. 1, p. 2).

[4] Plaintiff received declaratory relief in Jasper County, Cause No. 2020CH4. The Court found that Plaintiff, American Sunset Living, "is an abutting landowner whose land abuts the vacated right of way at issue. Accordingly, Plaintiff has a lawful interest in the vacated easement because its property abuts said vacated easement." (Doc. 1, Exh. B, p. 2).

wharves, parks and public grounds" pursuant to Section 11-61-2 of the Illinois Municipal Code (65 ILL. COMP. STAT. § 5/11-61-2), the Ordinance identified Keith Postlewait as "the owner of *all the land abutting* a certain portion of unimproved north-south right-of-way located south of Sycamore Street and west of Cumberland." (Doc. 1, Exh. A, p. 2) (emphasis added). Further, Ordinance 2020-0-001 noted Postlewait had petitioned Willow Hill to vacate the right-of-way and that he paid the village $3,000 as compensation for the property acquired. *Id.* Plaintiff believes no other offers were solicited or reviewed by Willow Hill to "fraudulently circumvent and conceal the properties' true fair market value." (Doc. 1, p. 4).

In Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff supplied additional information about events pertaining to the enactment of Ordinance 2020-0-001. (Doc. 30). Plaintiff noted that Defendants held two additional Board of Trustees Meetings on March 10, 2022, and April 20, 2022, to further discuss vacating property on Baltimore Street. (Doc. 30, Exh. B, p. 2); (Doc. 30, Exh. C, p. 2). Plaintiff claims he did not receive actual notice that either meeting was taking place. (Doc. 30, p. 1). Additionally, Plaintiff indicated that the Village of Willow Hill officially issued the Ordinance for the transfer of property to Keith Postlewait on April 20, 2022. (Doc. 30, Exh. A, p. 4).

Following the transfer, Postlewait allegedly erected an enclosed structure and laid a gravel path on the property. (Doc. 1, p. 4). Plaintiff asserts that the construction on the property destroyed the watershed, which caused the property to experience flooding that obstructs Plaintiff's agents' navigable use. (Doc. 1, p. 3). Further, Plaintiff asserts that surface restructuring, including the removal of trees, soil, and root structures of the

existing landscape, took place as a ditch was built directly through Plaintiff's property without notice or compensation. (Doc. 1, p. 2-3).

## LEGAL STANDARDS

When considering a motion to dismiss under Rule 12(b)(6), this Court determines whether a complaint includes enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). In order to satisfy this standard, the factual allegations within a complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 554-555. For the purposes of evaluating a motion to dismiss, the Court will assume the complaint's allegations are true, even if factually dubious. *Id*. *See also Warth v. Seldin*, 422 U.S. 490, 501 (1975)(noting that trial courts are to construe the complaint in favor of the complaining party).

Although courts are to evaluate the complaint in the light most favorable to the non-moving party, courts "need not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555; quoting FED. R. CIV. PROC. 8(a)(2)). Therefore, in ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*,

658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678). A complaint "must contain sufficient factual matter, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Id.* Nevertheless, at the pleading stage, general factual allegations of an injury arising from the defendant's conduct may be sufficient; the Court presumes that general allegations "embrace those specific facts that are necessary to support the claim." *Lujan v. National Wildlife Fed.*, 497 U.S. 871, 889 (1990).

**DISCUSSION**

Defendants assert that Plaintiff's complaint under §1983 should be dismissed because Plaintiff did not file his complaint within the applicable statute of limitations period. (Doc. 27, p. 2). The applicable statute of limitations for Plaintiff's federal claims is two years. *See Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002). Defendants believe "the actions for which the Plaintiff complains occurred on March 11, 2020." *Id.* As such, they ask the Court to find Plaintiff's complaint, which was filed on April 20, 2022 (more than two years after the "alleged event"), to be outside the statute of limitations period. *Id.* At first glance, it appears that Plaintiff's complaint is untimely.

In Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff indicates that subsequent public hearings were held on March 10, 2022, and April 20, 2022, by the Board of Trustees of the Village of Willow Hill pertaining to the "Petition to Vacate Baltimore Street." (Doc. 30, Exh. B, p. 2); (Doc. 30, Exh. C, p. 2). Plaintiff alleges that it did not receive proper notice of these hearings, on top of the March 11, 2020, hearing where Ordinance No. 2020-0-001 was initially enacted. (Doc. 30, p. 1). Plaintiff contends that "Defendants'

subsequent attempts to enforce said seizure constitute new actions for the purposes of the statute of limitations for § 1983 claims, which does not begin to run until the date of last injury or when the tortious acts cease." *Id.* at p. 2. This information, however, was not part of Plaintiff's original complaint. As such, the Court is not willing to consider this material as it would effectively convert the instant motion into one for summary judgment. *See, e.g., Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002)(noting that plaintiff could not convert motion to dismiss into one for summary judgment where it was the plaintiff and not defendant that introduced the extrinsic materials outside the pleadings).

In any event, dismissal is not appropriate. A Plaintiff "need not anticipate and attempt to plead around affirmative defenses," including those pertaining to the statute of limitations. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). However, "the statute of limitations may be raised in a motion to dismiss 'if the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks*, 578 F.3d at 579 (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). In other words, the Plaintiff must "affirmatively plead himself out of court" for the Court to consider an affirmative defense in a motion to dismiss. *Hyson*, 821 F.3d at 939 (citations omitted). Here, the Court finds that the Plaintiff did not affirmatively plead himself out of court as there still exists the possibility of a set of facts that could establish a defense to the statute of limitations.

In the complaint, the Plaintiff clearly alleges that the enactment of the ordinance at the March 11, 2020, meeting impacted its rights to the property. However, the Plaintiff

also alleges that it did not receive notice of that meeting as an interested and abutting landowner. The Plaintiff further alleges that it was damaged when the Defendants contracted to have a ditch built which "went directly through Plaintiff's property." (Doc. 1, ¶ 10). The Plaintiff further alleges several detrimental effects that the construction of the ditch caused to Plaintiff's property, such as the removal of "topsoil" and the destruction of a "previously existing watershed." (Doc. 1, ¶¶ 12-13). The implication of these allegations is that the Plaintiff did not discover the trespass until it occurred, which could conceivably be within the statute of limitations period.

The Seventh Circuit's decision in *Clark v. City of Braidwood*, 318 F.3d 764 (7th Cir. 2003) is instructive. In *Clark*, the plaintiff claimed that the City of Braidwood violated his due process and equal protection rights when it authorized a competing developer to install sewer and water pipes on the land. *Id.* at 765. As a result, the plaintiff could not install pipes of his own, which rendered the development of the land impossible. *Id.* The district court dismissed the plaintiff's complaint because on its face it did not comply with the applicable statute of limitations period. *Id.*

The Seventh Circuit, however, reversed holding that the plaintiff did not affirmatively plead himself out of court because there was a possible set of facts that could defend against the statute of limitations if proven. *See Clark*, 318 F.3d at 767-768. Specifically, the Seventh Circuit reasoned that dismissal was inappropriate because the discovery rule was potentially applicable. The Seventh Circuit noted that the complaint was "silent as to the date of discovery." *Id.* at 767. But, despite that failing, the Seventh Circuit noted that the statute of limitations issue was more appropriate for summary

judgment with a fully developed factual record as a defense could conceivably be established. The same holds true in the instant case as the construction of the ditch could have taken place after April 20, 2020, at which time the Plaintiff would clearly be on notice of the trespass to its land. It is also possible that the Plaintiff should have discovered the injury sooner, which could still subject the complaint to the statute of limitations period, but again that is a matter for further factual development. All that needs to be determined at this stage is if any set of facts could be proven to defeat the statute of limitations bar. *See Clark*, 318 F.3d at 768. *See also Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 80 (7th Cir. 1992)(noting that with respect to a motion to dismiss, "the question is not what are the facts, but is there a set of facts that if proved would show that the case had merit[.]"). Here, the Court finds that such a set of facts could exist, and as such, dismissal is inappropriate.

## Conclusion

For the foregoing reasons, the Court **DENIES** the Motion to Dismiss for Failure to State a Claim (Doc. 27).

**IT IS SO ORDERED.**

**DATED: February 14, 2023.**

Digitally signed by Judge Sison
Date: 2023.02.14 12:55:15 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**